BANCROFT, (UNITED STATES v.) . See Cases Nos. 14,512 and 14,513.

BANCROFT, (WHITING v.) See Case No. 17,575.

---

## Case No. 836.

### BANERT et ux. v. DAY.

[3 Wash. C. C. 243;[1] Wall. Notes Dec.]

Circuit Court, D. Pennsylvania. May 2, 1814.

EVIDENCE—REPUTATION AS TO PEDIGREE—WHO IS COMPETENT — DEPOSITIONS — GENEALOGICAL TABLE UNDER SEAL OF FOREIGN OFFICER.

1. It is no objection to the testimony of a witness who deposes to general reputation of pedigree, that he is not one of the family, or intimately acquainted with it.

2. The deposition of a witness, now dead, as to pedigree, may be read for that purpose only; though it was taken in another cause, between other parties, and on a different subject.

[Questioned in Hall's Deposition, Case No. 5,924.]

[See note at end of case.]

3. A deposition taken under a rule of court, and sworn to before a justice of the peace, may be read: the provisions of the judiciary act refer to depositions taken without such rule.

4. A witness whose deposition has been taken de bene esse, must be proved to have been served with a subpoena, and is unable to come; unless he is so old, and generally so infirm, that his attendance could not be expected: the age of 65 is not of itself sufficient to entitle it to be read.

[See Brown v. Galloway, Case No. 2,006.]

5. A deposition, though merely to prove a pedigree, if taken by others than those named in the commission, cannot be read.

[See Armstrong v. Brown, Case No. 542; Guppy v. Brown, Id. 5,871; Munns v. Dupont, Id. 9,926; Willings v. Consequa, Id. 17,767.]

6. A genealogical table, certified under the seal of a foreign officer, is not evidence.

At law. Ejectment for land lying in Pennsylvania, claimed in right of the female plaintiff, as cousin and heir at law of F. Weiss, Jun. who died intestate, and without issue. [Plaintiff nonsuited.]

B. Tilghman, for plaintiff.

Hopkins, (of Lancaster,) for defendants.

Before WASHINGTON, Circuit Justice, and PETERS, District Judge.

[This was an action of ejectment for lands in Lancaster county, formerly owned by Frederick Weiss, Sr., who died in 1751, and afterward by his son Frederick. The seisin of both father and son was admitted. The father had a brother and sister who died before him without issue. The plaintiff was the daughter of another brother. The lessors of the plaintiff claimed as heirs of the son. The defendants were in possession.][2]

The only questions decided by the court, were upon the admissibility of evidence. The following points were resolved:—

1. That it is no objection to the testimony of a witness who proves general reputation as to pedigree, that he is not one of the family, or intimately acquainted with it. The weight of his evidence, of which the jury must judge, will depend much on his means of information. 8 Johns. 129, cited in support of the evidence.

[Adam Drauck was called to testify as to the relatives of Frederick Weiss, Sr. In the course of his testimony he said: "I did not see any of his relatives. A gentleman named Kremer told me of his relations." He added upon subsequent examination that he knew personally some of Weiss' friends in Germany, and had brought letters over from them to him.

[Defendants' counsel objected, claiming that this was not evidence. Although hearsay might be evidence as to pedigree, such was not the case with mere gossip. It must be of persons intimate with the family.

[Tilghman, in reply, cited 8 Johns. 128, claiming that the objection was to the weight, rather than to the competency.

[Hopkins cited 3 Term R. 723: "What members of a family, and perhaps persons intimate, have said, is evidence, but what a mere stranger would say has always been rejected.

[WASHINGTON, Circuit Justice. The testimony is competent.][2]

2. That a deposition of a witness, since dead, proving the pedigree of the plaintiff may be offered in evidence in this cause, for this purpose only, although it was taken in another cause, between different persons, and on a different subject. It is at least equal to what a person has said, who was not on oath, on the same subject. In support of the evidence, were cited Bull. N. P. 233, 239. Hurst v. Jones, [Case No. 6,934,] in the former circuit court of this district. Against the evidence, [Respublica v. Lacaze,] 2 Dall. [2 U. S.] 118; 2 Strange.

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Esq.]

[2] [From Wall. Notes Dec.]

[Plaintiff then offered depositions taken in the case of Shultgheisser v. Eckart and wife, administrators of F. Weiss, Jr. This was objected to as taken in a different suit between different parties and in another court.

[Tilghman. We offer it to prove pedigree, —nothing else. Even ex parte depositions have been admitted.—Hurst's Lessee v. Jones, Case No. 6,934; Lessee of Fackler v. Simpson, (Sup. Ct. Pa., May assizes;) Bull. N. P. 239. The respondent Eckart was a party to the suit in which the depositions were taken.

[Hopkins. The deposition offered was taken in suits between different parties, both plaintiff and defendant. Douglass v. Sanderson, 2 Dall. (2 U. S.) 116. Shippen, J., on page 118, says that depositions taken in other states are not evidence in cases of pedigree. Strange, 1151. Special evidence is not evidence even of pedigree.

[WASHINGTON, Circuit Justice. Independent of the case decided in this court, (Hurst's Lessee v. Jones, supra,) and the authorities cited from Buller, the opinion of the court is that, on general principles, the deposition is evidence,—for, if his declaration would have been admissible, surely his swearing to it does not make it inadmissible.][2]

3. A deposition taken under a rule of court, and executed by a justice of the peace, may be read: the 30th section of the judicial act relates to depositions taken without a rule of court. The decision in this case is in strict conformity with the practice of this and the district court.

[Plaintiff then offered the deposition of Bernard Frazier—taken, not under the judiciary act of September 24, 1789, § 30, (1 Stat. 173,) but under a rule to take depositions.

[This was objected to as being taken before a justice, not a judge, as required by the act; and it was claimed that, though taken under a rule, and not under the act, the same strictness ought to prevail. The rule does not designate before whom the depositions are to be taken. If no person is designated in the rule, the act of congress ought to be the guide.][2]

4. A witness, whose deposition was taken de bene esse, and is offered to be read, must be proved to have been subpoenaed, and to have been unable to come; unless it is shown, that he is so advanced in age, and generally so debilitated, that his attendance could not be expected. The witness in this case was only sixty-five years of age, and his deposition was rejected.

[WASHINGTON, Circuit Justice. The depositions were de bene esse. It is proven that Frazier is very aged, between 80 and 90. He came down here about two years ago and could hardly stir.

[PETERS, District Judge. There ought to be stricter proof; but as two years ago he was so feeble, and said he could not come again, I think it is circumstantial, and the depositions ought to be read.

[The depositions were admitted, and Tilghman read from the caption that Frazier was 63 years of age, or thereabouts. Thereupon, the court ruled that all presumption of inability was taken away, and the depositions were rejected.][2]

5. If a deposition be taken by other persons than those named in the commission, it cannot be read, although it is offered merely to prove a pedigree.

[Plaintiff offered depositions taken under a commission to Baden in the case above referred to. They were offered as ex parte depositions to prove pedigree.

[Objected to by defendant. Rejected.][2]

6. A genealogical table, certified under the seal of a foreign public officer, is not evidence.

[Plaintiff offered a genealogical table. Rejected.][2]

Upon the two last opinions being given, the plaintiff suffered a nonsuit.

[NOTE. The ruling in this case as to the admissibility of depositions in another suit seems to have been followed in Boudereau v. Montgomery, Case No. 1,694. Both cases were criticised by Baldwin, Circuit Justice, in the case of Hall's Deposition, Case No. 5,924. In Boudereau v. Montgomery the deposition was held inadmissible as such because the former suit was not between the same parties, but it was admitted as a declaration concerning pedigree, against the objection that it was made post litem motam. In the principal case it does not clearly appear that the deposition was made after controversy about the pedigree had arisen; and, if not, Mr. Justice Baldwin's criticism, which was based solely on the objection of post litem motam, does not apply to this case. In Hurst v. Jones, Case No. 6,934, sworn declarations made ante litem motam were held admissible.]